IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOE JORDAN YARBROUGH, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:05-CV-474 (WDO) |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:93-CR-2 (WDO) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to "Stay and Abey" is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Indictment was returned in this court on January 20, 1992 (R-5), charging Petitioner Yarbrough with; Kidnapping a female person Under the Age of Eighteen Years for the Purpose of Committing Sexual Acts in violation of 18 U.S.C. § 1201 and Transporting a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423. On March 10, 1994, the jury returned a verdict of guilty on both counts. (R-57). The court sentenced Petitioner on June 3, 1994, to serve a sentence of LIFE imprisonment on Count One and 120 months on Count Two to run concurrently for a total sentence of LIFE without parole. (R-67). Judgment was thereafter entered on June 9, 1994. (R-67). Petitioner filed a direct appeal and on September 15, 1995, the Eleventh Circuit Court of Appeals affirmed

the District Court's judgment of conviction. (R-73). More than ten years later, on December 29, 2005, Petitioner Yarbrough filed his present Motion To Stay and Abey, to preserve a possible Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-74).

## The AEDPA Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because his conviction occurred before April 24, 1996, Petitioner Williams' was given a year to file under the revised code section. Therefore, his one year statute of limitation began to run on April 24, 1996. 28 U.S.C. §2255 (A)(3). The AEDPA one-year statute of limitations expired in Petitioner Williams case on April 24, 1997, over eight (8) years and eight (8) months before he filed his Motion to Stay and Abey to preserve a possible § 2255 Motion based on the principles of *Apprendi/Blakely/Booker*.

Petitioner had no post conviction proceedings pending during that time which would have tolled the running of the one-year period of limitation. The Eleventh Circuit Court of Appeals has held that the AEDPA'S one-year limitations period for motions to vacate, set aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States,* 177 F. 3d 1269, (11th Cir. 1999). See, *Irwin v. Department of Veteran's Affairs,* 498 U.S. 89, 95-96, 111 S. Ct. 453, 457 (1990) "(Federal Courts) have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *See Miller v. New Jersey State Dept of Corrections,* 145 F 3d 616, 619 (3rd Cir. 1998) (mere excusable neglect is not sufficient to toll the bar); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied,* 525 U. S. 891, 119 S.Ct. 210 (1998) (not knowing about the period of limitation until too late is not ground for equitable tolling). An attorney's misinforming a petitioner as to the deadline for filing a federal petition does not constitute "extraordinary circumstances" warranting equitable tolling of federal habeas statute's limitations period. *Helton v. Secretary of the Department of Corrections,* 259 F.3d 1310 (11th Cir. 2001)

"The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of the Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the 11th Circuit Court

of Appeals observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.*' 28 U.S.C. § 2255(1) (emphasis added)."

Petitioner Yarbrough contends at page three (3) of his Motion that:

> . . . *Booker* amended the Sentencing Reform Act of 1984 in which defendant was sentenced. The issue being a sentencing error which makes this a constitutional objection. The justiciability is not in question and should not be. As the holdings in *Booker* state, the sentence was imposed in violation of the applicable statute. The defendant has a right to a sentence that not only falls within a legally permiss[i]ble range, but one that was imposed pursuant to correctly applied law. Prejudice need not be demonstrated but has to be presumed. The Career Criminal Application in this case violated the Sixth Amendment principles in *Apprendi*, 530 U.S. 2541 (2004), *Blakely*, 124 S.Ct. 2531 (2004), and *Booker*, 125 S.Ct. at 765, because the district court, rather than the jury, determined the nature of the defendant's previous convictions, see *U.S. v. Greer*, 359 F.2d 1376 Supplement.

(R-74). Petitioner Yarbrough states in his "Motion to Stay and Abey" that he wishes the court to recognize the rulings in *United States v. Booker* and *Blakely v. Washington* as controlling and binding law that could benefit Petitioner now and in the future and requests that the district court recognize and preserve these issues. (R-74). The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at

4

2548-49(O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review");*see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Petitioner cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review. However, the Eleventh Circuit Court of appeals has explicitly held that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005), *cert. denied* 126 S.Ct. 312.

Petitioner Yarbrough recognizes and admits in his brief, that under the current state of the law, *Blakely* and *Booker* do not apply retroactively to cases on collateral review. Petitioner, however, is attempting to preserve a claim under the rules announced in *Blakely v. Washington,* 542 U.S. 296 , 124 S.Ct. 2531 (2004), and in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), should the law ever change as to the retroactive application of such.

In *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the United States Supreme Court discussed the rules that govern the district courts and appellate court' powers to grant a stay. The Court determined that under both rules[1] "the factors

---

[1] Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a).

regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton*, 481 U.S. at 776. Typically a Motion to Stay is filed when there is an ongoing case or appeal. Petitioner Yarbrough has not petitioned the court for an injunction, nor does he have any ongoing motions or appeals, therefore there is no underlying action for the court to stay. If there is no underlying action, then necessarily there are no merits for Petitioner to be successful on.

Petitioner Yarbrough will not be irreparably injured absent the granting of a stay. Petitioner is not requesting that any action be taken now, but that he be granted a stay in perpetuity in case the law should change. A stay for this purpose is unnecessary. If Petitioner wishes to bring a claim pursuant to 28 U.S.C. § 2255 ¶ 6(3), for any intervening change of law as to the retroactive application of *Booker* or *Blakely*, the Eleventh Circuit has already held in *Dodd v. United States*, that a right which "has been newly recognized by the Supreme Court and <u>made retroactively applicable to cases on collateral review</u>" under 28 U.S.C. § 2255 ¶ 6(3), will reset a petitioner's one-year period of limitation upon the new recognition of the right by the United States Supreme Court, and the Circuits and/or the Supreme Court can decide when and whether to find the newly recognized right to have <u>retroactive application</u> to cases on collateral review, thereby, resetting the one-year period of limitation that the date on which the right asserted was initially recognized by the Supreme

Court is the time limitation period that a prisoner has to bring a § 2255 motion for review of his unconstitutional conviction. 365 F.3d 1273 (2004). Thus, if the Supreme Court should overrule itself and the Eleventh Circuit as to the retroactive application of *Blakely* or *Booker*, Petitioner Yarbrough's one year statute of limitation would begin to run from the date of the Supreme Court's decision, rendering a stay unnecessary.

Furthermore, if the requested "perpetual stay" were granted, the Government would have an open case that would linger and reappear on the docket, with no resolution. Public interest lies in not wasting the Court and Government's time and resources on a "stay" that is unnecessary and would better be addressed under the principles of *Dodd*.

## Conclusion of law

First, in *Hamm v. United States*, 269 F.3d 1247, 1249 (11th Cir. 2001), and *McCoy v. United States*, 266 F.3d 1245, (2001), the Eleventh Circuit Court of Appeals held that, "[T]he *Apprendi* decision is not retroactively applicable to cases in which the conviction became final before the *Apprendi* decision was released on June 29, 2000." Secondly, the Supreme Court did not make its *Booker - Fanfan* rulings retroactive to cases on collateral review. To the contrary, the *Booker-Fanfan* Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, *with no exception for cases in which the new rule constitutes a clear break with the past*).(emphasis added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S.

7

749, 752 (1995).[2]

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* ruling in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___ (opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* (a defendant) cannot show that the

---

[2] *Reynoldsville* at 752: (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

8

> Supreme Court has made that decision retroactive
> to cases already *final* on direct review.

*See Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held, "[A]s the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."

The *Apprendi/Blakely/Booker* principles have repeatedly and consistently been shown not to be retroactively applicable to cases on collateral review in the Eleventh Circuit, if not in the entire country, by the above-cited decisions of the Eleventh Circuit Court of Appeals. The United States Supreme Court is the only entity that can make a new rule retroactive. *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 22482, 150 L.Ed.2d 632 (2001). "When the Supreme Court makes a rule retroactive for collateral review purposes, it does so unequivocally, in the form of a holding." *In Re: Jerry J. Anderson*, 396 F.3d 1336, 1339 (2005) citing *Tyler,* 533 U.S. 663. Furthermore, there has not been any indication in the cases that followed *Apprendi/Blakely/Booker* that the United States Supreme Court intends to reverse themselves and determine that said cases should be applied retroactively.

Petitioner did not request the court to take any action at present, however; if Petitioner's Motion to Stay and Abey is somehow loosely determined to be a §2255 Motion to Vacate, Set Aside, or Correct, it is still barred by the AEDPA statute of limitations.

This District Court is bound by the decisions of the Eleventh Circuit Court of Appeals, and is obligated to enforce the AEDPA statute of limitations.

9

WHEREFORE, IT IS RECOMMENDED that Petitioner William's Motion To Stay or Abey be DENIED and if said petition is determined to be a Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, said motion be DENIED as presently beyond the AEDPA statute of limitations and therefore barred.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 12th day of January 2006.

G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE