IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOE YARBROUGH, | : |
| Petitioner | : |
| v. | : 5:93-CR-02 (WDO) |
| UNITED STATES OF AMERICA, | : |
| Respondent | : |

ORDER

Petitioner filed a motion requesting the Court to indefinitely "stay and abey" his right to file a habeas petition should the non-retroactivity of the Blakey-Booker-Fanfan line of cases be changed in the future. This matter is before the Court on the Magistrate Judge's Report and Recommendation to deny Petitioner's Motion to Stay and Abey. Having carefully considered the Petitioner's objections and the Government's response thereto, the Court ADOPTS the Recommendation and denies the Motion to Stay and Abey based on the reasoning set forth in Johnson v. United States, No. 3:05-CV-55 HL, 3:01-CR-2-004 HL, 2005 WL 1669663 (M.D. Ga. July 18, 2005), a copy of which is attached herewith.

SO ORDERED this 14th day of February, 2006.

WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE

**Westlaw.**

Slip Copy                                                                                             Page 1

Slip Copy, 2005 WL 1669663 (M.D.Ga.)
**(Cite as: Slip Copy)**

**H**
Only the Westlaw citation is currently available.
United States District Court,M.D. Georgia, Athens Division.
Shamar JOHNSON, Petitioner
v.
UNITED STATES OF AMERICA, Respondent.
**No. 3:05-CV-55 HL, 3:01-CR-2-004 HL.**

July 18, 2005.

Shamar Johnson, Loretto, PA, pro se.
Gerald W. Brown, Harry Nathaniel Gordon, John Jay McArthur, Julian Hue Henry, Athens, GA, for Petitioner.
Tamara A. Jarrett, Macon, GA, for Respondent.

*REPORT AND RECOMMENDATION*

FAIRCLOTH, Magistrate J.
*1 Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

*Procedural History*

Petitioner Johnson charged along with others in an Indictment returned in this court on January 31, 2001, in Count One with Conspiracy to Possess With Intent to Distribute Cocaine Base in an amount more than 50 grams, Cocaine in an Amount more than 500 grams, and marijuana, in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1), and in Count Four with Distributing Cocaine Base in an amount more than 5 grams in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii). (R-1). Petitioner Johnson entered pleas of not guilty to the charges and was tried by a jury which returned guilty verdicts on November 20, 2002. (R-288). He was sentenced to a term of 235 months imprisonment on January 23, 2003. (R-307). He appealed to the Eleventh Circuit Court of Appeals which affirmed his conviction and sentence on December 30, 2003. (R-384). On June 23, 2005, Petitioner Johnson filed his § 2255 Motion To Vacate, Set Aside, or Correct his Sentence presently under preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

*Discussion of Timeliness Issue*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 ,effective on April 24, 1996, in relevant part provides as follows:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
(1) the date on which judgment of conviction becomes final;
(2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Johnson realizes that the timeliness of his § 2255 Motion To Vacate, Set Aside, or Correct his Sentence is a serious issue in his action. Therefore, in paragraph 18 on page 12 of his Motion, he attempts to explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 2

Slip Copy, 2005 WL 1669663 (M.D.Ga.)
**(Cite as: Slip Copy)**

not bar his motion. He states:
Petitioner's judgment of conviction became final on May 10, 2004, when the 90 days for petition of Writ of Certiorari with Supreme Court expired. However, pursuant to 28 U.S.C. § 2255, ¶ 6(3), this motion is deemed timely since it was filed less than a year after the Supreme Court issued its decision in Blakely v. Washingtion, 124, S.Ct. 2531 (2004) and United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)-the cases upon which Petitioner relies to bring this motion. See e.q., (sic) Dodd v. United States, 545 U.S. ---- (2005) ("the 1-year limitation period under ¶ 6(3) begins to run on the date on which this Court ' initially recognized' the right asserted in an applicant's motion, not the date on which that right was made retroactive.") Howard v. United States, 374 F.3d 12068, 1081 (11th Cir.2004) (claim which was filed more than one year after final judgment but within a year after Shelton decision, was timely under the rewind provisions of statute governing motions to vacate, set aside, correct sentence. 28 U.S.C. § 2255.

*2 First, Petitioner Johnson has miscalculated the date upon which his sentence became final. His contention that the 90 days for petition of Writ of Certiorari with Supreme Court expired on May 10, 2004, is incorrect. His appeal was decided by the Eleventh Circuit Court of Appeals on December 30, 2003. (R-384). The *Clay* rule provides that, "For the purposes of starting that clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States,* 537 U.S. 522, 525 123 S.Ct. 1072, 1073 (2003). *Clay* points out how clearly the Supreme Court resolves any confusion on the issue in its Rule 13, which provides:
1. [A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered ... by a United States Court of appeals ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.
...
3. The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).

The Supreme Court held that, for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 1073, 155 L.Ed.2d 88 (2003). Petitioner Johnson seems to have started his calculation of the 90 period allowed for filing certiorari to the United States Supreme Court on some date in March 2004, near the date of the mandate, which as shown above is improper. His conviction and sentence became final 90 days after the Eleventh Circuit Court of Appeals decided his appeal on December 30, 2003, which would be April 1, 2004, and his AEDPA one-year statute of limitations expired on March 30, 2005. Therefore, unless Petitioner's is somehow entitled to a re-set of his statute of limitations under § 2255, ¶ 6(3), as he contends, his present Motion To Vacate, Set Aside, or Correct his Sentence is time-barred, and this court has no authority to entertain it.

Petitioner's second contention is that his Petition is timely because it was filed withing a year after the *Blakely* and *Booker* decisions. Of course, the Eleventh Circuit Court of Appeals has held repeatedly that neither *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), nor *Blakely v. Washington,* 124, S.Ct. 2531 (2004), nor *United States v. Booker-Fanfan,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are retroactively applicable to cases on collateral review. Petitioner Johnson, however, argues that the decision in ***Dodd*** *v. United States,* 545 U.S. ----, 125 S.Ct. 2478, --- L.Ed.2d - - - - (2005), and *Howard v. United States,* 374 F.3d 12068, 1081 (11th Cir.2004), are applicable to the ***Blakely*** and ***Booker*** cases and work a re-set of his AEDPA one-year statute of limitations under § 2255, ¶ 6(3).

*3 The failing of Petitioner's argument is that the Eleventh Circuit Court of Appeals held the *Richardson* rule, [FN1] with which the *Dodd* case was involved, to be retroactively applicable to cases

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                       Page 3

Slip Copy, 2005 WL 1669663 (M.D.Ga.)
**(Cite as: Slip Copy)**

on collateral review in *Ross v. United States,* 289 F.3d 677 (11th Cir.2002), *cert. denied* 537 U.S. 1113, 123 S.Ct. 944, 154 L.Ed.2d 787 (2003), and, likewise, held the *Shelton* rule, FN2 with which the *Howard* case was involved, to be retroactively applicable to cases on collateral review in *United States v. Shelton,* 400 F.3d 1325 (2005).

> FN1. The newly recognized rule here was that, "A jury must agree unanimously that a defendant is guilty of each of the specific violations that together constitute the charged Continuing Criminal Enterprise (CCE), 21 U.S.C. § 848(a)." *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).
>
> FN2. The newly recognized rule in *Alabama v. Shelton,* 535 U.S. 654, 122 S.Ct. 1746, 152 L.Ed.2d 888 (2002) was that, "a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged."

The Eleventh Circuit in *Dodd* affirmed that the new rule recognized in *Richardson* by the Supreme Court had been made retroactive in *Ross v. United States,* 289 F.3d 677 (11th Cir.2003), but the Eleventh Circuit only held that that newly recognized right under 28 U.S.C. § 2255, ¶ 6(3), marked the date upon which the one-year statute of limitations began to run as the date the Supreme Court *initially* recognized the right. *Dodd,* 365 F.3d at 1284. On *cert,* the Supreme Court affirmed the Eleventh Circuit Court's *Dodd* ruling and clarified that:

Paragraph 6(3) unequivocally identifies *one date, and one date only* from which the 1-year limitations period runs: "the date on which the right asserted was initially recognized by the Supreme Court." Dodd's reliance on the second clause to identify the operative date is misplaced. That clause-"if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"-imposes a condition on the applicability of this subsection.... That means that ¶ 6(3)'s date-"the date on which the right asserted was initially recognized by the Supreme Court" -does not apply at all if the conditions in the second clause-the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'-have not been satisfied.... He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions of the second clause are met. [emphasis added]

*Dodd,* 125 S.Ct. at 2482. The Eleventh Circuit Court of Appeals ruled, long before Petitioner Johnson filed his present § 2255 Motion, that neither *Apprendi, Blakely,* or *Booker* are retroactively applicable to cases on collateral review. The new rule represented by those case is prospectively applicable to cases not final at the time of the recognition of the new rule, but has no retroactive application to cases already final, on collateral review.

In *United States v. Booker-Fanfan,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United States Supreme Court held at page 769:
[W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act-to all cases on direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ( [A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past). See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995). FN3

> FN3. (*Reynoldsville* at 752) (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

*4 Moreover, the Eleventh Circuit Court of Appeals

Slip Copy

Slip Copy, 2005 WL 1669663 (M.D.Ga.)
**(Cite as: Slip Copy)**

analyzed the *Booker-Fanfan* rulings in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir.2005), holding:

Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ---- (opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.... Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir.2004), the Supreme Court has indicated the very opposite:

[T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi* ) does not apply retroactively on habeas review"); *see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir.2001) (holding that *Apprendi* is not retroactive to cases on collateral review).... It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005) (as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review).

The United States Supreme Court did not make the rulings in either *Apprendi, Blakely* or *Booker* retroactive to cases on collateral or otherwise invoke the provisions of 28 U.S.C. § 2255, ¶ 6(3) for application to Petitioner Johnson's collateral attack on his sentence, and none of those cases can, therefore, be applied retroactively to Petitioner Johnson's belated Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

\*5 SO RECOMMENDED.

M.D.Ga.,2005.
Johnson v. U.S.
Slip Copy, 2005 WL 1669663 (M.D.Ga.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.